IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TERRY SIMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22CV420 |
| | ) |
| BELGER, et al., | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee in the Davidson County Jail, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names several employees at the Jail and seeks damages based on several incidents that allegedly violated his rights.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, portions of the Complaint can proceed but other portions should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted.

The Complaint contains four separate sections that attempt to set out claims for relief. The first and last sections are against Defendant Belger for an alleged use of excessive force against Plaintiff and against Defendant Captain Hull for the alleged conditions in the Jail. After reviewing the allegations in those sections, they do appear to state claims for relief sufficient to proceed at this time.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

The second attempted claim names "Jail Finance" as a Defendant because the personnel there allegedly lost or took (the Complaint is not clear) several items of Plaintiff's personal property that he possessed a the time of his arrest. If the allegation is that Jail personnel simply lost Plaintiff's property, this is not cognizable under § 1983 because that statute covers only intentional violations of federal rights. If the allegation is that Jail personnel wrongfully took or stole Plaintiff's property, there is no procedural due process claim under § 1983 for such takings. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Chamberlain v. Jordan, No. 1:06CV73, 2006 WL 3386840, at *4 (M.D.N.C. Nov. 17, 2006) (unpublished). Instead, prisoners in North Carolina may bring actions for conversion in the state courts based on any deprivation of property. Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983). Therefore, Plaintiff cannot bring a procedural due process claim under § 1983 based on the seizure of his property. Moore v. Plaster, 266 F.3d 928, 929-33 (8th Cir. 2001); Wilkins, supra; English v. Burke County Sheriff's Office, No. 1:11-cv-144-RJC, 2012 WL 3811798, at * 3-4 (W.D.N.C. Sept. 4, 2012) (unpublished). Plaintiff cannot bring a claim under § 1983 based on the alleged deprivation of his property and, if he has any recourse, he must seek it in the state courts.

Finally, the third section of the Complaint alleges that Plaintiff received inadequate medical care and seeks to raise claims against three nurses at the Jail, Nurse Mary, Nurse Cindy, and Nurse Joey.[2] As an initial matter, the Complaint contains no specific factual

---

[2] The Caption of the Complaint and the Defendant list in section I(B) of the Complaint appear to list a single Defendant named "Mary Cindy Joey," which the Clerk placed on the docket in the case. However, a review of the (continued...)

allegation associated with Nurse Mary. Therefore, it completely fails to state any claim against her. As for the claims against the other two nurses, deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Moreover, mere disagreement with treatment received is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011).

Here, the Complaint alleges that Plaintiff saw a dermatologist on July 22, 2021, for the removal of skin cancers and that the dermatologist told him to keep the areas clean and covered and to put vaseline on them. However, unidentified medical staff at the Jail allegedly took three days to bring supplies and then gave Plaintiff only three bandages and one pack of antibiotic cream. The Complaint further alleges that one of the areas became infected so that Defendant Nurse Joey examined it on August 10, 2021. However, he did not provide any treatment. As for Nurse Cindy, she allegedly told Plaintiff on August 13, 2021, that "she would get [Plaintiff] to take care of the infection," but that she never did. (Docket Entry 2 at 6.) The Complaint also contains further allegations, but does not tie them

---

[2](...continued)
Complaint reveals that Plaintiff actually intends to name three nurses, "Nurse Mary," "Nurse Cindy," and "Nurse Joey" as Defendants. The Clerk should remove "Mary Cindy Joey" from the docket and replace that Defendant with the three separate defendants.

to the named Defendants. Therefore, the Court will consider only the allegations just set out in evaluating the claims.

At certain points, the Complaint states that Plaintiff seeks to raise claims based on medical negligence and/or medical malpractice. As stated above, negligence in medical care is not sufficient to state a claim under § 1983. Further, the allegations in the Complaint are more consistent with negligence than intentional disregard of a serious medical need. Defendant Joey did examine Plaintiff's shoulder which Plaintiff believed to be infected. However, the Complaint sets out no facts concerning whether Nurse Joey confirmed that diagnosis and failed to act or simply determined that the shoulder was not infected or that it did not need treatment. Similarly, it alleges that Nurse Cindy promised some form of action three days later, although the nature of her statement is not clear, and the Complaint is silent as to whether any failure to follow up was intentional or due to negligence. More importantly, the Complaint contains no facts indicating that the problem with Plaintiff's shoulder ever rose to the level of a serious medical need. According to the Complaint, it appears that he never received treatment for the alleged infection, yet it alleges no further issues with the shoulder or infection. In the end, the Complaint does not set out facts demonstrating a serious medical need or that Defendants Joey and Cindy were deliberately indifferent to that need. Therefore, the claims against them should be dismissed.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that Plaintiff make an initial partial payment if funds for such a payment exist, but Plaintiff's *in forma pauperis* application indicates that they do not. Therefore, the Court will not order an

initial payment, but will instead order that Plaintiff's custodian withhold funds from Plaintiff's prisoner trust account if they become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October of 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for Civil Action No. 1:22CV420, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons be stayed until an Order is entered regarding the recommendation that Plaintiff's claims against Defendants Belger and Hull proceed and that all other claims and Defendants be dismissed. Upon the issuance of such an Order, and if any claims are allowed to proceed, the Clerk should refer the matter to the undersigned for a further Order pertaining to service of the Complaint.

IT IS FURTHER ORDERED that the Clerk remove Defendant "Mary Cindy Joey" from the docket and replace that Defendant with "Nurse Mary," "Nurse Cindy," and "Nurse Joey."

IT IS RECOMMENDED that the claims against Defendants Jail Finance and Nurses Mary, Cindy, and Joey, be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. The dismissal as to the nurses should be without prejudice to Plaintiff filing an Amended Complaint stating a claim for relief against one or more of them and the dismissal of the claim involving Plaintiff's property should be without prejudice to Plaintiff seeking recourse in the state courts.

This, the 29th day of August, 2022.

                                        /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                  **United States Magistrate Judge**